**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 22, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 03-60074
Summary Calendar

CURTIS R. AUTREY,

Petitioner,

versus

UNITED STATES RAILROAD RETIREMENT BOARD,

Respondent.

On Appeal from Petition for Review:
U.S. Railroad Retirement Board

Before JONES, STEWART and DENNIS, Circuit Judges

PER CURIAM[*]

Charles A. Autrey ("Autrey") appeals the U.S. Railroad Retirement Board's ("Board's")

affirmation of the Board's Bureau of Hearings and Appeals's Hearing Officer's ("Hearing Officer")

determination that Autrey was overpaid benefits under the Railroad Retirement Act, 45 U.S.C. § 231

et seq., ("RRA"), and therefore, is required to repay the overpayment amount as well as a penalty.

For the reasons that follow, we affirm.

Factual and Procedural Background

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited
circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

The facts of this case are uncontested. The Board succinctly describes the underlying factual history as follows:

> In a letter dated April 27, 1999, Mr. Autrey was advised that he received $36,810.81 more in railroad retirement benefits than he was entitled to receive because of his earnings in 1992 and 1993 and that he must pay a penalty in the amount of $1,254.47 because he did not report his earnings. Mr. Autrey requested a review of the facts, waiver of recovery of the overpayment and a personal conference. The manager of the Board's Fort Worth, Texas office held a personal conference on October 21, 1999. In a letter dated July 17, 2000, Mr. Autrey was advised that the correct overpaid amount was determined to be $36,738.68 and that his request for waiver of recovery of the overpaid amount was denied. Mr. Autrey appealed to the Bureau of Hearings and Appeals and a hearing was held on February 12, 2001 in Fort Worth, Texas, at which Mr. Autrey waived his right to legal representation. On August 24, 2001, the hearings officer affirmed the earlier determination. Mr. Autrey then filed this appeal to the three-member Board.

Upon review, the Board determined that Autrey was overpaid benefits and was appropriately assessed a penalty for failure to report his earnings, but that the Hearing Officer incorrectly calculated the total overpayment amount. Upon recalculation, the Board determined that the overpayment balance is $35,515.81. The Board also determined that Autrey is not entitled to a waiver of recovery because he was not "without fault in causing the overpayment and recovery would be contrary to the purpose of the Act or against equity or good conscience" consistent with the RRA. The Board determined that because one of the two conditions were not satisfied as required by section 231i(c) to entitle Autrey to a waiver, Autrey's financial circumstances are not relevant. The Board found that Autrey was properly assessed a penalty of $1,222.87. Thus, the Board found that Autrey owes a total recovery of $36,738.68 to the Board.

Discussion

Autrey appeals the Board's decision that he is not entitled to a waiver of recovery to the Board pursuant to 45 U.S.C. § 231i(c). Section 231i(c) provides:

2

> There shall be no recovery in any case in which more than the correct amount of annuities or other benefits has been paid under this Act to an individual or payment has been made to an individual not entitled thereto who, in the judgment of the Board, is without fault when, in the judgment of the Board, recovery would be contrary to the purpose of the Acts or would be against equity or good conscience.

45 U.S.C. § 231i(c). Thus, Autrey is entitled to a waiver if two conditions are satisfied: (1) that he is without fault and (2) that the repayment will be against equity or good conscious. Autrey argues that both conditions are satisfied. Specifically, Autrey argues that he "was not at fault in causing overpayment of his monthly earnings paid to him by the [Board]; and ... recovery of the overpayment is causing [him] financial hardship to the extent that he is unable to meet ordinary and necessary living expenses, and or recovery would be against equity and good conscience."

Our review of the Board's decision is limited to whether it is supported by substantial evidence in the record and whether it is based on an error of law. Fingar v. U.S. Railroad Retirement Bd., 402 F.2d 544, 547 (5th Cir. 1968); Cobb v. Railroad Retirement Bd, 431 F.2d 406, 408 (5th Cir. 1970) ("The statute requires and this Court has long held, that a decision of the Board should not be set aside on judicial review if it is supported by substantial evidence."); see 45 U.S.C. § 355(f).

The Board determined that Autrey was not without fault and therefore, is not entitled to a waiver of recovery under § 231i(c). The Board's regulations states that:

> Fault means a defect of judgment or conduct arising from inattention or bad faith. Judgment or conduct is defective when it deviates from a standard of reasonable care taken to comply with the entitlement provisions of this chapter. Conduct includes both action and inaction. Unlike fraud, fault does not require a deliberate intent to deceive.

20 C.F.R 255.11(b) The Board may find fault under certain circumstances, including:

3

(i) Failure to furnish to the Railroad Retirement Board information which the individual knew or should have known to be material.

20 C.F.R. § 25.11(d)(1)(i)  The Board employed this meaning of fault while reviewing Autrey's appeal.

The record demonstrates that Autrey knew or should have known that his earnings were not taken into account in the calculation of his benefit payments. As evidenced through Autrey's testimony to the Hearings Officer, he understood that he must report to the Board any earnings received from gainful employment. In response to the Hearing Officer's question, "[w]hat was your understanding, if any, about the relationship of work and receiving the disability annuity?"Autrey stated, "[t]hat if I performed any gainful employment, that I was to report it." In addition, by letter dated September 1993, the Board notified Autrey that "[i]t is your responsibility to notify the Railroad Retirement Board if you perform any work (regardless of how much you may earn) or if your doctor advises you that your condition has improved and you are able to work." In that same letter, the Board calculated Autrey's benefits taking into account earnings reported by Autrey for 1988 - 1990. Through Autrey's reported income to the Social Security Administration, the Board later learned that he earned in excess of $400 per month in 1992 and in 1993. Thus, Autrey was overpaid benefits to which he was not entitled. Because Autrey knew that he should have reported his income for those years, Autrey is subject to penalties consistent with the RRA. 45 U.S.C. § 231a(e)(4) ("A deduction shall be imposed, with respect to any such individual who fails to make such report, in the annuity or annuities otherwise due the individual ...").

4

After a thorough review of the record, we conclude that the Board made no errors of law and that the Board's decision is supported by substantial evidence in the record. For the forgoing reasons, we affirm.

AFFIRM.